UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MICHAEL B. HARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-2036 |
| | ) | |
| KIM EVANS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Anoka County Jail in Anoka, Michigan, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging denial of access to the courts. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges that he attempted to file a petition in Ford County, Illinois, seeking to assert his right to a speedy trial for state criminal charges that predated his detention on federal charges and also to seek relief under the Illinois habeas corpus statute. Plaintiff alleges that he sent the petition on or about February 2, 2019 via U.S. Mail, and that he also provided his father with a copy to file on his behalf. According to Plaintiff, the Ford County Circuit Clerk rejected his father's attempts to file the petition, apparently because they considered doing so constituted the unauthorized practice of law.

According to online records, Plaintiff's state criminal charges in Ford County were dismissed on February 4, 2019. *See People v. Ford*, 2017 CF 66, Docket Entry dated Feb. 4, 2019 (Ford County, Ill.) (available at: http://www.judici.com). The Ford County Circuit Clerk docketed Plaintiff's petition on February 8, 2019. *Id.*, Docket Entry dated Feb. 8, 2019.

To prevail on a claim that officials denied his First Amendment right of access to the courts, Plaintiff must show that the officials' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Even if Ford County officials were required to accept the petition Plaintiff's father attempted to file, Plaintiff's state criminal charges were dismissed two days after Plaintiff began his efforts to seek redress. Accordingly, the Court finds that no plausible inference exists that the actions of any government official resulted in prejudice to an otherwise meritorious claim Plaintiff sought to assert. For this reason, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions not addressed in this Order are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to**

**appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 28th day of June, 2019.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
